FILED
United States Court of Appeals
Tenth Circuit

December 5, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

ADAM KARTIGANER,

          Plaintiff - Appellant,

    v.

BRUCE NEWMAN, in his Official
Capacity of Sheriff of Huerfano
County, Colorado; LARRY
BALDONADO, in his Official
Capacity of Police Chief of
Walsenburg, Colorado; DEREK
PETERS, in his Official Capacity of
Police Officer of Walsenburg,
Colorado; JOE BERNAL, in his
Official Capacity of Police Officer of
Walsenburg, Colorado,

          Defendants - Appellees,

and

HUERFANO COUNTY,
COLORADO; CITY OF
WALSENBURG, COLORADO; LEE
ALLEN HAWKE, in his Official
Capacity of District Attorney for the
Third District of Colorado; DIANNE
PACHECO, in her Official Capacity of
Investigator for the Third District,
District Attorney; THIRD DISTRICT
COURT OF COLORADO;
COLORADO BUREAU OF
INVESTIGATION; JUAB COUNTY,
UTAH; ALDEN ORME, in his
Official Capacity of Sheriff of Juab
County, Utah; HOBY METZ, in his
Official Capacity of Utah Highway

No. 11-1345

(D. Colorado)

(D.C. No. 1:09-CV-00050-WYD-MEH)

Patrol Officer; FOURTH DISTRICT
COURT OF UTAH; MAY
AUTOMOTIVE TOWING, LLC;
UTAH STATE TAX COMMISSION,
DOES 1 to 10,

    Defendants.

---

# ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Adam Kartiganer, proceeding *pro se*, appeals two orders of the district court, ultimately dismissing all claims Mr. Kartiganer brought in a 42 U.S.C. § 1983 action against several law enforcement members. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

On July 23, 2006, Mr. Kartiganer was arrested during a traffic stop in Walsenburg, Colorado. Evidence was seized during the stop, including financial instruments belonging to individuals other than Mr. Kartiganer.

Based upon the seized evidence, the District Attorney's Office decided that probable cause existed to file felony criminal charges against Mr. Kartiganer. Accordingly, the District Attorney for the Third Judicial District, State of Colorado, filed a felony complaint and information in a Colorado state court, charging Mr. Kartiganer with various felonies, including identity theft and criminal possession of a financial device. Mr. Kartiganer was also charged with false reporting to authorities, as well as other state misdemeanors relating to his operation of the car he was driving when stopped.

With respect to the criminal charges, Mr. Kartiganer was appointed representation by the Public Defender, who promptly filed a motion to suppress the evidence seized during the traffic stop. Following a hearing on December 26, 2006, the court found no probable cause for the traffic stop and suppressed all the evidence obtained during that stop. As a result of that suppression order, the District Attorney's Office filed a motion to dismiss the charges against Mr. Kartiganer.

On January 5, 2009, Mr. Kartiganer initiated the instant *pro se* 42 U.S.C. § 1983 action, alleging in general that he had been falsely arrested, falsely

-3-

imprisoned and subjected to malicious prosecution for a period of five months before the charges were dropped. Upon initial consideration, the federal district court judge allowed the action to proceed only against defendants Bruce Newman, the Sheriff of Huerfano County; Larry Baldonado, the Police Chief of Walsenburg, Colorado; Derek Peters, a police officer in Walsenburg, Colorado; and Joe Bernal, a police officer in Walsenburg, Colorado.[1]

Mr. Kartiganer then filed an amended complaint, making essentially the same allegations as those in his first complaint, but against the four remaining named defendants. Construing the *pro se* complaint liberally, the court determined that Mr. Kartiganer brought various constitutional claims, including claims for false arrest, false imprisonment, malicious prosecution, conspiracy, and due process, invoking 42 U.S.C. § 1983, as well as state tort claims for assault and battery, intentional infliction of emotional distress, and slander and libel.

The defendants filed a motion to dismiss on September 28, 2009, arguing that Mr. Kartiganer's claims were barred by the statute of limitations, that defendants Sheriff Newman and Police Chief Larry Baldonado did not personally participate in the allegedly unlawful conduct, and that the amended complaint contained insufficient allegations to demonstrate a conspiracy among the defendants.

---

[1]There had initially been numerous other defendants, including counties, municipalities, agencies, courts, and individuals.

The matter was referred to a magistrate judge, who issued a report and recommendation suggesting that the defendants' motion to dismiss be granted in part and denied in part. More specifically, the report and recommendation found that Mr. Kartiganer's claims for false arrest, false imprisonment and due process should be dismissed as barred by the statute of limitations; that Sheriff Newman be dismissed as a party for Mr. Kartiganer's failure to plausibly allege personal participation; and that Mr. Kartiganer's claims for malicious prosecution and conspiracy should proceed against Police Chief Baldonado and Officers Peters and Bernal. The magistrate judge made no findings regarding Mr. Kartiganer's state law claims, which claims were not challenged in the motion to dismiss.

The defendants then filed a motion for summary judgment on the remaining claims. The magistrate judge issued a second report and recommendation, recommending that the motion for summary judgment be granted, on the grounds that Mr. Kartiganer failed to raise any genuine issue of material fact demonstrating that the defendants personally participated in the alleged constitutional violations, or established the essential elements of Mr. Kartiganer's claims for malicious prosecution and conspiracy. Furthermore, as to the state tort law claims, the magistrate judge recommended dismissal because Mr. Kartiganer failed to show factual issues as to whether those claims were barred by the applicable one-year statute of limitations. Accordingly, the judge recommended granting the defendants' motion for summary judgment.

Mr. Kartiganer registered objections with the reports and recommendations, which the district court carefully reviewed. The court adopted the first report and recommendation, as slightly modified, and partially granted and partially denied the defendants' motion to dismiss.[2] The court also adopted the second report and recommendation, and granted defendants' motion for summary judgment. These orders had the effect of dismissing Mr. Kartiganer's claims entirely.

## DISCUSSION

We review a district court's dismissal on a Rule 12(b)(6) motion de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). We do not assess credibility; rather, we only consider whether the allegations, taken as true, are legally sufficient to allow the suit to proceed. See id. "[W]e accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." Id. To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

We review a district court's grant of summary judgment de novo to determine whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

---

[2]It primarily modified the report and recommendation by considering Colorado tolling principles, which the magistrate judge had not done. The court concluded those principles had no effect on the outcome of the analysis.

<u>Celotrex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party, but disputes about immaterial issues of fact will not preclude summary judgment. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1977).

We have carefully reviewed the lengthy and thorough decisions by the magistrate judge, as adopted and modified by the district court. We agree completely with the reasoning and conclusions contained therein. We therefore affirm the district court's orders dismissing the claims in this case, for substantially the reasons stated by the district court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the orders of the district court. We DENY Mr. Kartiganer's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge